**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Ralph CARO, Defendant-Appellant.**

**No. 14980.**

United States Court of Appeals Seventh Circuit.

Sept. 16, 1965.

Doris A. Coonrod, Chicago, Ill., for appellant.

Edward V. Hanrahan, U. S. Atty., John Peter Lulinski, John Powers Crowley, Richard T. Sikes, Chicago, Ill., for appellee.

Before HASTINGS, Chief Judge, and DUFFY and SCHNACKENBERG, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

Ralph Caro, defendant, following his indictment, was convicted, on a trial by the court without a jury, for violations of the narcotics laws. Title 26 U.S.C.A. § 4705(a), and Title 21 U.S.C.A. § 174. He appeals therefrom.

The only contention now raised by defendant is that the evidence established entrapment as a matter of law so as to require a reversal of the finding of guilty. He testified in his own behalf that he had been approached by Domingo Aponte, a government informer, who furnished him with a package which he delivered to Richard M. Patch, a narcotics agent. He further testified he had never had any dealings in narcotics prior to that time.

Defendant argues that the rule recognized in Sherman v. United States, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848 (1958), is applicable here, that the criminal design originated with Aponte and that he furnished to defendant the narcotics which were the subject matter of the violation. Defendant, going further, insists that he acted as agent of the informer when he delivered narcotics to the other agent.

However, on the same day that Sherman was decided, the Supreme Court in Masciale v. United States, 356 U.S. 386, 388, 78 S.Ct. 827, 828, 2 L.Ed.2d 859 (1958), said:

"* * * As for Kowel [a government informer], petitioner testified that the informer engaged in a campaign to persuade him to sell narcotics by using the lure of easy income. Petitioner argues that this undisputed testimony explained why he was willing to deal with Marshall and so established entrapment as a matter of law. However, his testimony alone could not have this effect. While petitioner presented enough evidence for the jury to consider, they were entitled to disbelieve him in regard to Kowel and so find for the Government on the issue of guilt. * * *"

The court affirmed a judgment of conviction against Masciale.

In United States v. Jones, 7 Cir., 302 F.2d 46, 47 (1962), we said:

"In the trial of the case and the determination of issues of fact involved therein, including those pertaining to the defense of entrapment, the ascertainment of the facts of the court included a determination of the credibility of the witnesses. Absent an abuse of discretion, and none is here charged or revealed by the record, this court will accept the result reached by the district court, trying the case without a jury, insofar as a determination of the facts is concerned. United States v. Ziemer, 7 Cir., 291 F.2d 100."

In accordance with the foregoing authorities, we affirm the judgment of the district court.

Judgment affirmed.