UNITED STATES of America

v.

James TURNER, Appellant.

No. 17181.

United States Court of Appeals
Third Circuit.

Argued Sept. 24, 1968.

Decided Dec. 10, 1968.

Josiah E. DuBois, Jr., DuBois, Maile & DuBois, Camden, N. J., for appellant.

Marlene Gross, Asst. U. S. Atty., Newark, N. J. (David M. Satz, Jr., U.

S. Atty., Newark, N. J., on the brief), for appellee.

Before BIGGS, FREEDMAN and VAN DUSEN, Circuit Judges.

VAN DUSEN, Circuit Judge.

Appellant, James Turner, was tried and convicted by a jury for violation of 21 U.S.C. § 174[1] and 26 U.S.C. § 4704 (a).[2] The Government adduced testimony by agents of the Federal Bureau of Narcotics that Turner threw away a tinfoil package containing cocaine hydrochloride after leaving his car and while in the custody of the police. During a search of appellant's vehicle, the agents discovered certain glassine envelopes which later were determined to contain heroin hydrochloride. None of the containers was affixed with the requisite tax stamps. The Government offered no evidence which would tend to show that the drugs possessed by the defendant were illegally imported into the United States; that the defendant had knowledge that the drugs were illegally imported; or that he did not purchase the drugs in or from their original stamped package. Instead, the case went to the jury on the presumptions embodied in Sections 174,[3] and 4704(a).[4]

The sole question before us is whether the presumptions contained in 21 U.S.C. § 174 and 26 U.S.C. § 4704(a) are violative of the Fifth Amendment's guarantee against self-incrimination. Appellant contends that, although both of these sections heretofore have been held constitutional,[5] the recent cases of Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965), and United States v. Jackson, 390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138 (1968), compel a ruling that the presumptions violate defendant's Fifth Amendment privilege.

*Griffin* decided that comment by the court on an accused's failure to testify constitutes a "penalty imposed by courts for exercising a constitutional privilege," [6] and held that such comment violates the self-incrimination clause of the Fifth Amendment. The court there pointed out that where a defendant fails to take the stand, although an inference could be drawn that he is guilty of the crime being tried, an alternative inference might be drawn that he has prior convictions, since to testify would enable

1. Appellant was charged in Counts I and III with having "fraudulently, knowingly and unlawfully received, concealed and facilitated the transportation and concealment of a narcotic drug, * * * after the same had been fraudulently, knowingly and unlawfully imported and brought into the United States contrary to law * * *" in violation of 21 U.S.C. § 174.

2. Also, appellant was charged in Counts II and IV with knowingly, wilfully and unlawfully purchasing, possessing, dispensing, and distributing a narcotic drug, in that he did purchase, possess, dispense, and distribute the drug, not in or from the original stamped package, in violation of 26 U.S.C. § 4704(a).

3. "Whenever on trial for a violation of this section the defendant is shown to have or to have had possession of the narcotic drug, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains the possession to the satisfaction of the jury."

4. "(a) General Requirement.—It shall be unlawful for any person to purchase, sell, dispense, or distribute narcotic drugs except in the original stamped package or from the original stamped package; and the absence of appropriate taxpaid stamps from narcotic drugs shall be prima facie evidence of a violation of this section by the person in whose possession the same may be found."

5. The presumption in 21 U.S.C. § 174 was held valid in Yee Hem v. United States, 268 U.S. 178, 185, 45 S.Ct. 470, 69 L.Ed. 904 (1925), and repeatedly thereafter in the Circuits. E. g., United States v. Armone, 363 F.2d 385, 391–392 (2nd Cir.), cert. den. 385 U.S. 957, 87 S.Ct. 391, 17 L.Ed.2d 303 (1966); Bradford v. United States, 271 F.2d 58, 61 (9th Cir. 1959); United States v. Brown, 207 F.2d 310, 312 (7th Cir. 1953); Dear Check Quong v. United States, 82 U.S.App.D.C. 8, 160 F.2d 251, 252 (1947). The constitutionality of 26 U.S.C. § 4704(a) was upheld in Goode v. United States, 80 U.S.App.D.C. 67, 149 F.2d 377 (1947).

6. Griffin v. California, 380 U.S. 609, 614, 85 S.Ct. 1229, 1233, 14 L.Ed.2d 106 (1965).

the prosecution to introduce any such convictions for impeachment purposes (380 U.S. pp. 614–615, 85 S.Ct. 1229). *Jackson* held the death penalty clause of the Federal Kidnapping Act unconstitutional since it discouraged the assertion of the right to demand a jury trial and the right to plead not guilty. Appellant's theory is that the statutory language, when used in instructions to the jury, is the substantial equivalent of unfavorable comment prohibited by *Griffin* and discourages the right of a defendant to remain silent just as the death penalty provision, struck down in *Jackson,* was held to discourage a plea of not guilty and the demand for a jury trial.

The presumptions provided by 21 U.S.C. § 174 and 26 U.S.C. § 4704(a) shift the burden of going forward with evidence once the Government has established possession (cf. Roviaro v. United States, 353 U.S. 53, 63, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957)) [7] and do not violate the self-incrimination clause of the Fifth Amendment. *Griffin* and *Jackson* are not controlling because the language of §§ 174 and 4704(a) neither constitutes unfavorable comment on the accused's failure to testify, nor does it have an "unnecessary and therefore excessive" chilling effect on the exercise of that

privilege, see Jackson, supra, 390 U.S. at 582, 88 S.Ct. 1209.

Any support which defendant may secure from *Griffin* in this situation must be substantially reduced by the Supreme Court's decision in United States v. Gainey, 380 U.S. 63, 85 S.Ct. 754, 13 L. Ed.2d 658 (1965), decided less than two months before *Griffin,* and which upheld the constitutionality of 26 U.S.C. § 5601 (b) (2),[8] containing a presumption similar to those here. In United States v. Armone, supra, the Second Circuit specifically held that a charge under § 174 was not an adverse comment on the defendant's failure to take the stand, depriving him of his Fifth Amendment privilege.

*Gainey* does not require reversal as long as there is "neither allusion nor innuendo based on the defendant's decision not to take the stand." [9] That ground is absent here since the trial court specifically charged that "the burden of proof cast upon the government to prove all of the essential elements of the offense charged here does not require that any evidence, *even though there is this presumption clause of the statute,* be presented by the defendant" (emphasis supplied).[10]

Appellant claims that his exercise of the privilege against self-incrimination

---

7. In the Yee Hem case, supra, the court said at pages 184–185, 45 S.Ct. at page 472:
   "Every accused person, of course, enters upon his trial clothed with the presumption of innocence. But that presumption may be overcome, not only by direct proof, but, in many cases, when the facts standing alone are not enough, by the additional weight of a countervailing legislative presumption. * * *
   " * * * The statute compels nothing. It does no more than to make possession of the prohibited article *prima facie* evidence of guilt. It leaves the accused entirely free to testify or not as he chooses."

8. Under 26 U.S.C. § 5601(b) (2) the jury can infer guilt of the crime of illegally carrying on the business of a distiller without bond merely from evidence of the defendant's presence at the site of the still.

9. 380 U.S. 63, 71, 85 S.Ct. 754, 13 L.Ed. 2d 658.

10. The court also charged that the jury might (not that it must) return a verdict of guilty if it was convinced beyond a reasonable doubt, using this language:
    "Therefore, if in the light of all the evidence as you find it to be, and the inferences which you have determined to draw therefrom, and under the language of the statute and the instructions of the Court you are convinced beyond a reasonable doubt that the defendant here was guilty of a violation of that section, you may return a verdict of guilty of the offense charged therein. On the other hand, unless you are so convinced unanimously beyond a reasonable doubt your verdict must be a verdict of not guilty in favor of the defendant."

was discouraged by the presumption in question and he is therefore entitled to reversal under the *Jackson* doctrine. We do not agree. If the exercise of the privilege is discouraged, it is because the "* * * accused happens to be the only repository of the facts necessary to negative the presumption arising from his possession, that is a misfortune which the statute under review does not create but which is inherent in the case. The same situation might present itself if there were no statutory presumption and a *prima facie* case of concealment with knowledge of unlawful importation were made by the evidence. The necessity of an explanation by the accused would be quite as compelling in that case as this; but the constraint upon him to give testimony would arise there, as it arises here, simply from the force of circumstances and not from any form of compulsion forbidden by the Constitution." [11]

For the foregoing reasons, the judgment of conviction will be affirmed.

11. Yee Hem v. United States, 268 U.S. 178, 185, 45 S.Ct. 470, 472, 69 L.Ed. 904 (1925).