UNITED STATES of America,
Appellee,

v.

Bernard V. SUSSMAN, Appellant.

No. 12733.

United States Court of Appeals
Fourth Circuit.

Argued April 8, 1969.

Decided April 14, 1969.

Charles Philip Brown, Baltimore, Md., for appellant.

Nevett Steele, Jr., Asst. U. S. Atty. (Stephen H. Sachs, U. S. Atty., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and SOBELOFF and BUTZNER, Circuit Judges.

PER CURIAM:

 Bernard Sussman was convicted of receiving illegally imported gum opium in violation of 21 U.S.C. § 174. This statute provides:

"Whoever fraudulently or knowingly imports * * * any narcotic drug into the United States * * * contrary to law, or receives * * * any such narcotic drug after being imported * * * knowing the same to have been imported * * * into the United States contrary to law * * * shall be imprisoned * * *.

"Whenever on trial for a violation of this section the defendant is shown to have or to have had possession of the narcotic drug, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains the possession to the satisfaction of the jury."

Sussman contends he was denied due process of law because the statute permits the presumption of illegal importation of the drug and knowledge of such importation from mere possession. The presumption, however, has a rational basis. Importation of crude opium is prohibited unless allowed by the Commissioner of Narcotics, 21 U.S.C. § 173, and a government witness testified that poppies, which are the source of opium, are not grown in the United States. The inferences allowed by the statute are not so unreasonable or arbitrary as to

constitute a denial of due process. Yee Hem v. United States, 268 U.S. 178, 45 S.Ct. 470, 69 L.Ed. 904 (1925). Nor does the statutory shift in the burden of going forward with the evidence infringe the Fifth Amendment's protection against self-incrimination. United States v. Turner, 404 F.2d 782 (3d Cir. 1968).

Sussman also asserts that the district judge erred by admitting into evidence gum opium found in a paper bag on an interior stairway a few feet from the door of his apartment. We find no error. The seizure was legal because the search was authorized by a valid search warrant and also because it was incident to a lawful arrest.

Affirmed.