**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Margaret WALKER, Defendant-
Appellant.**

**No. 26632.**

United States Court of Appeals
Fifth Circuit.

Aug. 6, 1969.

Stanley Jay Bartel, Miami, Fla., (Court-appointed), for appellant.

William A. Meadows, Jr., U. S. Atty., J. V. Eskenazi, Asst. U. S. Atty., Miami, Fla., for appellee.

Before GEWIN, McGOWAN* and MORGAN, Circuit Judges.

McGOWAN, Circuit Judge:

The indictment in this case charged that appellant "did dispense and distribute" heroin in violation of 26 U.S.C. § 4704(a) (1964).[1] The jury convicted appellant upon evidence adduced by the Government to the effect that a paid informer went to the house of one Ulysses Walker, a co-indictee charged with selling, and asked that person to sell him some of his "stuff." Ulysses Walker, so the informer testified, turned to appellant and "told her to get the thing." Appellant returned in a few minutes with a black bag, handed it to Ulysses Walker and remained in the vicinity while Ulysses Walker removed two packets containing heroin from the bag and handed them to the informer in exchange for $30 in marked government bills.

Because the trial court instructed the jury upon the presumption founded upon possession which is contained in § 4704 (a), and because appellant urged upon us certain alleged infirmities in that

---

* Judge Carl McGowan of the District of Columbia Circuit sitting by designation.

1. It shall be unlawful for any person to purchase, sell, dispense, or distribute narcotic drugs except in the original stamped package or from the original stamped package; and the absence of appropriate taxpaid stamps from narcotic drugs shall be prima facie evidence of a violation of this subsection by the person in whose possession the same may be found.

presumption,[2] we deferred consideration of this case after its submission until action by the United States Supreme Court in the then pending cases of Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57, and United States v. Covington, 395 U.S. 57, 89 S.Ct. 1559, 23 L.Ed.2d 94, both decided May 19, 1969.

We now examine, in light of *Leary* and other relevant authority, several issues in connection with appellant's conviction under § 4704(a). First, are there any self-incriminatory aspects of the heroin commodity tax provisions which make invalid appellant's conviction under § 4704(a) for dispensing and distributing from an unstamped package? Second, is the presumption of § 4704(a) a violation of due process because of an inadequate nexus between mere possession and the prohibited conduct which the statute permits to be inferred from possession? Third, does the operation of the presumption found in § 4704(a) in effect either require a defendant to take the stand or suffer the kind of unfavorable comment on his failure to take the stand which the Supreme Court invalidated in Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 4 L.Ed.2d 106 (1965)? We find nothing in *Leary* or other relevant authority inconsistent with affirmance here.[3]

## I

In *Leary* the petitioner was convicted for failing to comply with the transfer tax provisions of the Marijuana Tax Act, 26 U.S.C. § 4741 et seq., (1964). The Supreme Court held that the conviction for transporting, concealing or facilitating the transportation or concealment of marijuana acquired without payment of the transfer tax was invalid because (1) a transferee of marijuana is liable for the payment of a transfer tax, (2) this transfer tax is, under the statute, to be paid "at the time of securing" an order form which the transferee is required to obtain, and (3) the information required by the order form would identify a person in Leary's position as a marijuana transferee who had not registered and paid an occupational tax, and who would, accordingly, be "virtually certain" to be among those for whom possession of marijuana was a criminal offense under state law.

The Supreme Court was at some pains in *Leary* to point out important differences between the Marijuana Tax Act, 26 U.S.C. § 4741 et seq. (1964), and the Harrison Narcotics Act, 26 U.S.C. § 4701 et seq., one section of which we are concerned with here. Under the Marijuana Tax Act the *transfer* of marijuana is subject to a tax for which the transferee is primarily liable.[4] The Harrison Act contrarily, contains no narcotics transfer tax provision. Instead, there is a commodity

2. Appellant has also argued that, even if it be normally proper to invite the jury's attention to the presumption, it was not so here. Because the packets of narcotics were contained in a bag while in appellant's possession, it is said that the showing is too slight to support a finding that appellant knowingly had possession of unstamped narcotics. Our reading of the record, however, causes us to believe that, if the jury believed the testimony of the informer, it could find that appellant's possession of the unstamped narcotics was a knowing one.

3. Apart from the presumption, appellant's only claim of error is that the trial court improperly restricted cross-examination of the informer, and compounded this error by denying appellant leave to introduce a certified record of a prior nar-

cotics conviction of the informer. The record shows, however, that, after his direct examination, the witness was vigorously cross-examined at length (26 pages) and with great latitude afforded by the court. On re-direct, appellant positively stated the fact of a prior narcotics violation which had first emerged on cross-examination. There being no other matter on re-direct, the court denied re-cross and refused to permit the introduction of the evidence more specifically identifying the nature of the narcotics violation. These rulings were within the area of the trial court's discretion in the conduct of the trial, and we find no abuse necessitating reversal.

4. 26 U.S.C. § 4741(b) (1964). The transferor is secondarily liable. *Id.*

tax, paid by the purchase of tax stamps which are affixed to the package which contains the drugs. This tax is imposed on "all narcotics domestically manufactured or produced, and all narcotics imported in crude or manufactured form."[5] The "importer, manufacturer, producer, or compounder" of the narcotics is liable for the payment of this tax.[6]

■ Prosecution under § 4704(a) of someone who was required to pay the commodity tax by securing the appropriate tax stamps might conceivably raise self-incrimination problems similar to those found in *Leary*. But it is important to note that appellant was prosecuted under the Harrison Act, not for failing to pay the commodity tax but for "dispens[ing] or distribut[ing] narcotic drugs [not] in the original stamped package or from the original stamped package * * *." There is nothing in the record which indicates that appellant is an "importer, manufacturer, producer, or compounder" of narcotics for purposes of § 4701(b).[7] She, therefore, does not appear to be within that class of persons upon whom the duty to pay the commodity tax is imposed.[8] For a person in appellant's position, § 4704(a) does not impose a tax liability, the discharge of which involves self-incrimination. It simply imposes a flat prohibition against dealing in narcotics which lack the necessary tax stamps. Thus, this case stands in sharp contrast with *Leary*, where the Supreme Court went to great lengths to indicate that Congress had not flatly prohibited the transfer of marijuana to persons in Leary's position, but instead simply imposed a tax on the transfer.

## II

■ Appellant attacks the possession presumption in § 4704(a) on the ground that there is no rational connection between mere possession and the conclusion as to conduct which may be inferred from it. We do not tarry long over this contention in view of the long-standing, and currently binding, state of the authority on this point,[9] and there is nothing in Leary's handling of the marijuana presumption which dictates a similar result in the case of heroin. The Supreme Court determined in *Leary* that the facts with respect to the domestic production marijuana are such that it is irrational for a mere possessor of marijuana to be presumed, under 21 U.S.C. § 176a, to know that it has been imported from abroad. Whatever the significance of that holding may be thought to be for 21 U.S.C. § 174 (1964), that statute is not involved in this case.

## III

The third ground of attack against § 4704(a) takes its point of departure from a later case in the Supreme Court, *Griffin v. California*, 380 U.S. 609, 85 S. Ct. 1229 (1965), which held that a court cannot, consistently with the Fifth Amendment, comment upon an accused's failure to testify. *See* United States v. Turner, 404 F.2d 782 (3rd Cir. 1968), in

---

5. 26 C.F.R. § 151.121 (1968). See 26 U.S.C. § 4701 (1964).

6. 26 U.S.C. § 4701(b) (1964). *See* 26 C.F.R. 151.124 (1968).

7. For purposes of § 4701 it *appears* that "repacking narcotics is production," 26 C.F.R. § 151.122 (1968), as is making "a new derivative, compound, or preparation" even if the tax has already been paid on the "compound ingredients." 26 C.F.R. § 151.121 (1968).

8. The regulations specifically provide that "[s]tamps for affixing to packages or containers of narcotics will be furnished only on requisition of persons registered in "Class I." 26 C.F.R. § 151.130 (1968). "Class I" registrants are "importers, manufacturers, producers, or compounders." 26 C.F.R. § 151.41 (1968). *See* 26 U.S.C. § 4701(b) (1964).

9. Casey v. United States, 276 U.S. 413, 48 S.Ct. 373, 72 L.Ed. 632 (1928), upheld, as against the challenge of irrationality, the validity of the provision of the Harrison Act with which we are presently concerned. *See also* Yee Hem v. United States, 268 U.S. 178, 45 S.Ct. 470, 69 L.Ed. 904 (1925) which did the same for the statute which is now 21 U.S.C. § 174.

which the Supreme Court has granted certiorari to consider, presumably in the light of this kind of challenge, the presumptions in 21 U.S.C. § 174 and 26 U.S.C. § 4704(a). We, however, in common with the Second Circuit in Armone v. United States, 363 F.2d 385, 391–392, cert. denied, 385 U.S. 957, 87 S.Ct. 398, 17 L.Ed.2d 303 (1966), and the Third Circuit in *Turner,* look to the Court's disposition of a similar presumption problem in United States v. Gainey, 380 U.S. 63, 85 S.Ct. 754, 13 L.Ed.2d 658 (1965), where it said that there is no need to reverse so long as there is "neither allusion nor innuendo based on the defendant's decision not to take the stand." We find no such allusion nor innuendo in this record.

■ Appellant founds her argument in this respect upon the trial court's statement, after reading the statute to the jury, that:

"This means that if the Government proves to you beyond a reasonable doubt that the defendant had unstamped narcotic drugs in her possession, then you may find a violation of the statute, *unless the defendant satisfactorily explains such possession.*" (Emphasis supplied).

We note first that the emphasized words, upon which appellant dwells, are virtually identical with the statutory phrase involved in *Gainey.* More importantly, we look to the whole of the court's charge, and we find that, in addition to full and accurate statements on the Government's burden to prove appellant guilty beyond a reasonable doubt and the presumption of innocence, it included such instructions as the following:

"This statute does not change the fundamental rule that the accused is presumed innocent until proved guilty beyond a reasonable doubt. Nor does it impose upon the accused the burden or the duty to produce proof that the narcotic drug tax was paid as required by law *or any other evidence.* As previously stated, the burden is always upon the prosecution, in this instance, the government, to prove beyond a reason-

able doubt every essential element of the crime charged. What the statute means is that upon a trial for a violation thereof, *if the jury should find beyond a reasonable doubt from the evidence in the case* that the accused has had possession of a narcotic drug not bearing the tax-paid revenue stamps as required by law as charged, the fact of that possession *alone* explains to the satisfaction of the jury by the evidence in the case, and permits the jury to draw inferences and find that the narcotic drug was distributed in and from an unstamped package as charged." (Emphasis added)

\* \* \* \* \* \*

'The law does not compel a defendant to take the witness stand and testify and no presumption of guilt may be raised and no inference of any kind may be drawn from the failure of the defendant to testify.'

We think, as did the Second Circuit in *Armone,* that "[I]t would be hypertechnical, in the face of these instructions, to convert a general and accurate explanation of the [statutory] permissible inference into a comment on [appellant's] failure to take the stand." (p. 393 of 363 F.2d).

Affirmed.