**Robert Burns JOHNSON, Petitioner-Appellant,**

**v.**

**UNITED STATES of America et al., Respondents-Appellees.**

**No. 17366.**

United States Court of Appeals
Seventh Circuit.

Jan. 30, 1970.

Robert Burns Johnson, pro se.

Thomas A. Foran, U. S. Atty., Chicago, Ill., John Peter Lulinski, Michael B. Nash, Wayne R. Cook, Asst. U. S. Attys., of counsel, for appellee.

Before DUFFY, Senior Circuit Judge, and SWYGERT and FAIRCHILD, Circuit Judges.

DUFFY, Senior Circuit Judge.

On October 8, 1965, after a trial by jury, defendant Johnson, the petitioner herein, was found guilty on six counts

of an indictment charging him with the sale and possession of heroin. (26 U.S. C. § 4705(a), 21 U.S.C. § 174). He was sentenced to the custody of the Attorney General for a period of six years.

An appeal was taken from the judgment of conviction. This Court appointed Barry E. Fink, Esq. as counsel to represent defendant on the appeal. Mr. Fink informed this Court that after an intensive study of the record and the transcript of proceedings in the District Court, he was unable to find anything which could be reversible error, and that he did not wish to urge legal propositions on this Court which he believed to be without merit. Thereafter, on April 5, 1966, this Court granted the motion of Attorney Fink to withdraw as counsel for the defendant. We affirmed the District Court's judgment, stating in part: "We have examined the complete record in this case including the transcript of the evidence. We are unable to discover any procedural or substantive error in the proceedings of the District Court. In our opinion, the instant appeal is frivolous and wholly without merit." United States v. Johnson, (7 Cir., No. 15577) Unpublished Memorandum Opinion April 5, 1966.

About one year later, the District Court granted petitioner's motion to file his application pursuant to Title 28 U. S.C. § 2201 seeking injunctive relief from his alleged "unconstitutional restraint." That application was treated as a motion pursuant to 28 U.S.C. § 2255.

The issues raised by defendant on this appeal are 1) whether the presumptive feature of Title 21 U.S.C. § 174 as applied to the possession of heroin is constitutional; 2) whether the defendant had the effective assistance of counsel; 3) whether the theory of entrapment first urged on this appeal required the Government's informer to be produced as a witness at the trial, and 4) whether the trial court's instructions to the jury violated defendant's constitutional rights.

21 U.S.C. § 174 makes it a crime to sell or import, "fraudulently or knowingly" any *imported* narcotic drug, and provides "Whenever on trial for a violation of this section the defendant is shown to have or to have had possession of the narcotic drug, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains the possession to the satisfaction of the jury."

The defendant did not attack the constitutionality of this statute in the District Court. In United States v. Hoskins, 406 F.2d 72, 74–75 (7 Cir., 1969) this Court held such issue should first be raised in the trial court. However, assuming that such issue can be raised for the first time before us on an appeal, we hold defendant's argument in this respect cannot be sustained.

Johnson argues that the heroin he possessed and sold could have come from domestic rather than foreign sources, and that he had no way of knowing that the heroin was imported. He argues that since heroin is produced domestically, the presumption of § 174 has no " * * * rational connection between the fact proved and the ultimate fact presumed * * *" and that " * * * The inference of the one from proof of the other is arbitrary because of lack of connection between the two in common experience." Tot v. United States, 319 U.S. 463, 467–468, 63 S.Ct. 1241, 1245, 87 L.Ed. 1519 (1942). He cites Erwing v. United States, 323 F.2d 674, 682 (9 Cir., 1963) where it was held that the presumption of § 174 was unconstitutional with reference to cocaine hydrochloride. However, it appears from the record in that case that a considerable amount of cocaine hydrochloride is produced in this country. This is not true of heroin. Verdugo v. United States, 402 F.2d 599, 604 (9 Cir., 1968).

In Leary v. United States, 395 U.S. 6, 45 (1969) in footnote 92, 89 S.Ct. 1532, 23 L.Ed.2d 57, the Supreme Court deferred any decision as to the constitutionality of the presumption contained in 21 U.S.C. § 174 as it relates to "hard"

narcotics, though it struck down the presumption as to marihuana. The Court recognized that there are essential differences between marihuana and "hard" narcotics and it follows the rational connection between fact presumed and fact proved may be valid in our case, as to heroin, and not valid as to some other narcotic drug.

The claim which petitioner (defendant) makes here that the statutory presumption is unconstitutional as to heroin has been rejected many times. A partial list of such decisions in which we now join, is Yee Hem v. United States, 268 U.S. 178, 45 S.Ct. 470, 69 L.Ed. 904 (1924); Pool v. United States, 344 F.2d 943, 944 (9 Cir., 1965), cert. den. 382 U.S. 832, 86 S.Ct. 73, 15 L.Ed.2d 76 (1965); United States v. Savage, 292 F.2d 264 (2 Cir., 1961), cert. den. 368 U.S. 880, 82 S.Ct. 129, 7 L.Ed.2d 80 (1961); Lujan v. United States, 348 F.2d 156, 157 (10 Cir., 1965); Walker v. United States, 285 F.2d 52, 58–60 (5 Cir., 1960).

The Supreme Court has granted certiorari (June 2, 1969), 395 U.S. 933, 89 S.Ct. 2001, 23 L.Ed.2d 448 in Turner v. United States, 404 F.2d 782, 784–785 (3 Cir., 1968), which raises the issue of the constitutionality of the presumption section as it relates to cocaine hydrochloride and heroin hydrochloride. However, the pendency in *Turner* need not bar a decision on the point in this case in view of our recent holding in United States v. Lawler, 413 F.2d 622, 627 (7 Cir., 1969), which reaffirmed the constitutionality of 26 U.S.C. § 4705(a) although the identical question was before the Supreme Court in another case.

■ We think, and so hold, that defendant's claim that he did not have effective use of counsel, is without merit. It is not clear whether defendant's claim is directed only to Mr. Fink, his counsel on appeal, or whether he also included his trial counsel. We shall assume that defendant's complaint is directed to both counsel.

The rule has been stated that relief will be granted from a conviction on the ground of incompetent or ineffective counsel " * * * only when the trial was a farce, or a mockery of justice, or was shocking to the conscience of the reviewing court, or if the purported representation was only perfunctory, in bad faith, a sham, a pretense, or without adequate opportunity for conference and preparation. * * * " Williams v. Beto, 354 F.2d 698, 704–705 (5 Cir., 1965).

This Court has stated "The constitutional guarantee of the assistance of competent, effective counsel does not require perfection. That guarantee is satisfied when the conduct of counsel is such that the essential integrity of the proceedings as a trial is preserved, (citing cases) and the trial has not made a travesty of justice." United States v. Dilella, 354 F.2d 584, 587 (7 Cir., 1965).

The record discloses that the trial counsel was alert, cross examined government witnesses, made timely objections and in other manner properly presented the defense of the defendant. The record discloses that trial counsel was, in no way, derelict in his duties.

We are also of the view that Attorney Barry E. Fink who was the counsel on appeal to this Court, properly performed his duties. We made reference as to the adequacy of his conduct when we considered Johnson's previous appeal.

■ Among the trial errors alleged by defendant is the Government's failure to produce an informer as a witness. For the first time, defendant claims a defense by reason of alleged entrapment.

The record here discloses that defendant readily entered into the narcotic sale transactions with an agent. In a similar situation—United States v. Draper, 411 F.2d 1106, 1109, (7 Cir., 1969)—this Court stated: "No case is called to our attention and we know of none where it has been held under similar circumstances that the government's case must fail because it did not produce the informer as a witness. Whether the in-

former was produced or not, there was still the question from the testimony the jury heard whether it should credit the testimony of the defendant or that of the agents."

 On the issue of alleged improper jury instructions, defendant's principal complaint seems to be as to the following instruction:

"The jury should follow the law as it is given by these instructions. All of the instructions should be considered together as a connected series and regarded as the law applicable in this case. The jury has no right to disregard, or to give special attention to any one of the instructions, or to question the wisdom of any rule of law."

We hold it was not error to give this instruction. It was closely taken from LaBuy Manual on Uniform Jury Instructions in Federal Criminal Cases, 33 F.R.D. 523, 541. There was no objection thereto at the trial. Rule 30 Federal Rules of Criminal Procedure.

We hold the District Court was correct in denying the petition for 28 U.S. C. § 2255 relief. Such denial is

Affirmed.