**UNITED STATES of America, Appellee,**

v.

**Robert G. CROCKETT, Appellant.**

**No. 19514.**

United States Court of Appeals Eighth Circuit.

Feb. 6, 1970.

Alan G. Johnson, Scherck, Stein & Franc, Inc., St. Louis, Mo., for appellant.

William C. Martin, Asst. U. S. Atty., St. Louis, Mo., for appellee; Veryl L. Riddle, U. S. Atty., and John M. Scully, Asst. U. S. Atty., St. Louis, Mo., on the brief.

Before MATTHES, GIBSON and BRIGHT, Circuit Judges.

PER CURIAM.

Appellant was found guilty in a court tried case on two counts of an indictment charging violation of 26 U.S.C. § 4704(a). Count I alleged that on or about April 1, 1968, appellant did unlawfully sell, dispense and distribute 188 milligrams, more or less, of heroin which, when sold, were not in the original stamped package. Count II was identical to Count I except the date of the sale in Count II was April 4, 1968, and the amount of heroin sold was 158 milligrams, more or less. After finding appellant guilty, Judge James H. Meredith imposed a sentence of five years on each count to be served concurrently.

Appellant presents four contentions of error. They are (1) the indictment was fatally defective; (2) prosecution under § 4704(a) violated the privilege against self-incrimination guaranteed by the Fifth Amendment; (3) and (4) collec-

tively challenge the sufficiency of the evidence to sustain the conviction.

We find no error and affirm.

### I.

■ The indictment was framed in the language of § 4704(a). It is not subject to any infirmities. Appellant concedes that "courts generally have held indictments worded [as this one is] sufficient." But, he makes an abortive attempt to convince us that the indictment should have set forth the details of each offense, such as the name of the purchaser and the exact time of the sale. We have heretofore held in several cases that the name of the purchaser is not an essential element of an indictment charging a violation of § 4704(a). McWilliams v. United States, 394 F.2d 41, 47–48 (8th Cir. 1968), cert. denied, 393 U.S. 1044, 89 S.Ct. 643, 22 L.Ed.2d 593 (1969); Aggers v. United States, 366 F.2d 744, 746 (8th Cir. 1966), cert. denied sub nom. Coates v. United States, 385 U.S. 1010, 87 S.Ct. 719, 17 L.Ed.2d 548 (1967); Moore v. United States, 337 F.2d 350, 351 (8th Cir. 1964), cert. denied, 379 U.S. 994, 85 S. Ct. 712, 13 L.Ed.2d 614 (1965). Neither is it essential that the indictment specify the hour of the sale. Moreover, in response to a motion for a bill of particulars, the government furnished appellant with all pertinent information, such as the hour of each sale, the name of each purchaser, and amount paid for each quantity of heroin.

### II.

Here, appellant claims that § 4704(a) is unconstitutional as applied to him because it is violative of his privilege against self-incrimination. When this case was submitted this question had not been settled by the Supreme Court. The issue was presented in United States v. Turner, 404 F.2d 782 (3d Cir. 1968), which was pending on certiorari when this appeal was heard. On January 20, 1970, the Supreme Court decided *Turner*, and unequivocally held that a prosecution under § 4704(a) is permissible and does not offend any constitutional safeguards. Turner v. United States, 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610 (1970). See also Minor v. United States, 396 U.S. 87, 90 S.Ct. 284, 24 L. Ed.2d 283 (1969).

### III and IV.

■ Finally, appellant challenges the sufficiency of the evidence to sustain Judge Meredith's finding of guilt. The contention borders on the frivolous. The government proved its case by the testimony of an informer, two narcotic agents, a police officer and a government chemist. Both purchases followed the usual pattern. The informer was searched before each purchase to ascertain if he possessed any money or heroin. Finding neither, the informer was then given $20.00 by a federal narcotic agent. The informer was accompanied by officers to appellant's shoeshine "parlor" in the City of St. Louis, Missouri. On each occasion the informer purchased five capsules of heroin. Upon returning to the automobile where the narcotic agents were waiting, the informer delivered the capsules of heroin to them. There is no contention that the articles seized were not contraband within the meaning of § 4704(a).

Appellant, who testified, denied making the sales. The trial judge credited the evidence offered by the government and rejected the appellant's defense. This is understandable, particularly in light of appellant's four prior felony convictions, the last one being in 1966 for possession of narcotics.

We find no basis for disturbing the judgment of conviction. Accordingly, it is affirmed.