**Glen Eugene SCHOFIELD, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 18817.**

United States Court of Appeals, Seventh Circuit.

March 10, 1971.

Glen Eugene Schofield, pro se.

Frank J. Violanti, U. S. Atty., Springfield, Ill., Max J. Lipkin, Asst. U. S. Atty., Peoria, Ill., for appellee.

Before SWYGERT, Chief Judge, and PELL and STEVENS, Circuit Judges.

PELL, Circuit Judge.

On May 6, 1965, Glen Eugene Schofield, along with one Jan Edward Davis, was indicted in the Southern District of Illinois in a two count indictment. Count I charged a violation of 18 U.S.C. § 2113 (a) in connection with an alleged forcible taking of money from a savings and loan association. Count II, after incorporating the allegations of Count I, charged a dangerous weapon assault under 18 U.S.C. § 2113(d).

Counsel was appointed for Schofield and on September 30, 1965, Schofield, accompanied by his counsel, appeared before the district court and entered a plea of guilty.

On July 10, 1970, Schofield filed a motion to vacate and set aside sentence pursuant to 28 U.S.C. § 2255. This motion was overruled and Schofield filed a notice of appeal to this court. Subsequently the notice of appeal was withdrawn. On August 4, 1970, a second § 2255 motion was filed which also was overruled. On September 1, 1970, a motion for rehearing was filed by Schofield which motion was denied.

Schofield has appealed to this court from the district court's denial of relief and the matter before us pertains solely to the § 2255 motion filed on August 4, 1970.

While there may be some suggestion of a claim of ineffective counsel, we do not find that Schofield is entitled to any relief on this phase of the matter. Johnson v. United States, 422 F.2d 555, 557 (7th Cir. 1970).

While Schofield urges on this appeal that the district court erred in overruling his § 2255 motion without an evidentiary hearing, the basis of his August 4 motion is completely set forth in the files and records of this case. Our only inquiry therefore is whether the motion, files and records of the case conclusively show that the petitioner is entitled to no relief. If there is such a showing, then the district judge correctly denied the motion without the necessity of an evidentiary hearing.

At the time Schofield appeared before the district court to enter his guilty plea the record demonstrates the following. Court-appointed counsel had conferred with the defendant in regard to the indictment and the charges made therein and had gone over the allegations with Schofield. Counsel was of the opinion that Schofield understood the two counts of the indictment. Schofield himself stated that he had conferred with his counsel in connection with the charges made in the indictment and that the conference had been satisfactory to him. He further stated that the counsel explained to him the charges and that he and counsel had a copy of the indictment during the conference. He further stated that he understood the charges and had no questions to ask of the court. Before passing upon the plea of guilty, the court inquired both of counsel and of Schofield whether Schofield understood that he had the right of trial by jury and that he would have the right to be represented in such a trial by an attorney of his own choice or by an attorney appointed by the court. Schofield replied that he understood this. He was further asked whether he understood that he would be entitled to be present at all times during the trial and have the right to confront witnesses produced against him and that he would have the right of cross-examination of those witnesses. He also indicated that he understood these matters.

Schofield further stated that he understood that he would have the right to have process from the court bringing into the court any witnesses that he might have in defense of the charges. He stated he did not desire trial by jury and fully understood his rights. He executed a written waiver of jury trial.

The court then returned to further matters pertaining to the proposed plea of guilty and asked if the counsel had explained to the defendant the consequences of the plea of guilty, to which counsel replied he had and that in his opinion Schofield fully understood the consequences of the plea.

The court then asked Schofield if he understood that upon a guilty plea the court could sentence him to confinement for a period not exceeding twenty years on Count I and to confinement for a period not exceeding twenty-five years on Count II. Again the defendant stated that he understood. Schofield several times thereafter reiterated that it was still his desire to plead guilty. The court also indicated that he understood that Schofield desired to have the sentences on the pending case to run concurrently with a sentence then being served in the State of Iowa. Upon an affirmative response from Schofield, the court inquired as to whether Schofield understood that this would be a recommendation to the Attorney General only and Schofield stated he so understood and still desired to plead guilty.

The foregoing is a somewhat abbreviated summary of an extended colloquy between counsel, Schofield and the court from which it appears to us that the court made more than a reasonable effort fully to advise Schofield of his rights and to be assured that the plea was voluntary.

The contention of Schofield is that the judgment of conviction and sentence was a legal nullity in that he believed that Counts I and II could have run consecutively and that he could have been sentenced to a total term of 45 years and

that he relied on misinformation when he entered his guilty plea.

As far as we can ascertain from the record, there was no awareness on the part of the district court judge, Judge Frederick O. Mercer, United States district attorney, Edward R. Phelps, nor court-appointed counsel of what is now well established that only one penalty may be given for violations of the subsections (a) and (d) of 18 U.S.C. § 2113. Prince v. United States, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370 (1957); Green v. United States, 365 U.S. 301, 81 S.Ct. 653, 5 L.Ed.2d 670 (1961); United States v. Trumblay, 286 F.2d 918 (7th Cir. 1961), cert. den. 365 U.S. 888, 81 S.Ct. 1041, 6 L.Ed.2d 198 (1961); United States v. Gardner, 347 F.2d 405 (7th Cir. 1965).

The fact that everyone seems to have misapprehended the possible penalties that could be imposed does not, in our opinion, render Schofield's plea unintelligent or involuntary. The situation here was not that of inducing a plea of guilty on the basis that the sentence which would be imposed would be substantially less than that which could be imposed by a jury trial. Rather, here the situation was put in terms which might have caused Schofield to believe that on a guilty plea he could be sentenced up to forty-five years. We fail to see how this made his plea involuntary.

If he were of the opinion that he could be sentenced up to forty-five years on a plea of guilty, we do not see that he was thereby induced to plead guilty in this posture to any greater extent than if he had been correctly informed that on a guilty plea the maximum sentence he could receive would be only twenty-five years. The maximum possible sentence on a guilty plea was no less (and no greater) than it would have been on trial as contrasted to those cases of alleged inducement. As a matter of fact, the court sentenced him to ten years on each count, the sentences to run concurrently with the recommendation that the sentences on the federal indictment run concurrently with the state sentence then being served in the Iowa State Penitentiary.

Here, the intention of the district judge plainly was to impose one ten year sentence even though the count on aggravated bank robbery was susceptible of a greater maximum sentence. See Green v. United States, 365 U.S. 301, 306, 81 S.Ct. 653, 5 L.Ed.2d 670 (1961).

We further note that in the appeal before us there is no contention to the effect that Schofield was not guilty as charged in the bank robbery indictment counts. Cf. North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). The record in this cause conclusively shows that the plea of guilty was voluntarily and intelligently made, Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); United States v. Zezoff, 428 F.2d 580 (7th Cir. 1970), and no basis exists for an evidentiary hearing.

The case before us is one which aptly calls to mind the statement of Mr. Justice White in North Carolina v. Alford, supra, 400 U.S. at 39, 91 S.Ct. at 168:

> "The prohibitions against involuntary or unintelligent pleas should not be relaxed, but neither should an exercise in arid logic render those constitutional guarantees counterproductive and put in jeopardy the very human values they were meant to preserve."

Inasmuch as multiplicity of sentences might impair the prisoner's opportunities for pardon or parole, Bayless v. United States, 347 F.2d 354, 356 (9th Cir. 1965), the record should correctly show only the sentence which legally could be imposed.

The judgment of the district court is affirmed and the cause is remanded solely for the purpose of vacating the sentence under Count I.