441 F.2d 1155
 Seymour Joseph SMITH, Jr., Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
No. 71-1157 Summary Calendar.*
*Rule 18, 5 Cir.; see Isbell Enterprises, Inc
v.
Citizens Casualty Co. of New York et al, 5 Cir. 1970, 431
F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 May 4, 1971.
 
 Darryl G. Campbell, Jack Miles, Miles & Lewis, Houston, Tex., for petitioner-appellant.
 Anthony J. P. Farris, U.S. Atty., James R. Gough, Asst. U.S. Atty., Houston, Tex., for respondent-appellee.
 Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Seymour Joseph Smith, Jr., appeals from an order of the district court denying his motion under 28 U.S.C. 2255 to vacate sentence. We affirm.
 
 
 2
 In 1965 Smith was convicted on his plea of guilty to the offense of purchasing heroin not in or from the original stamped package in violation of 26 U.S.C. 4704(a). He was fined $2,000 and sentenced to serve five years in the custody of the Attorney General. Only one month of the sentence was actually to be served, however; the remainder of the sentence was suspended, and Smith was placed on probation for a period of five years. In 1966 the sentencing court found Smith in violation of the terms of his probation and revoked his suspended sentence. Smith was then required to serve his original sentence, which the court reduced to four years.
 
 
 3
 In 1970 Smith filed the instant 2255 petition. As his single ground for relief he alleged that under Leary v. United States, 1969, 395 U.S. 6, 89 S.Ct. 1537, 23 L.Ed.2d 57, the statute under which he was convicted, 26 U.S.C. 4704(a), is unconstitutional in that the requirement that a purchase of heroin be made only in or from the original stamped package violated his Fifth Amendment privilege against self-incrimination. The district court denied relief. We must do likewise. The cases rejecting Smith's Fifth Amendment contention are so numerous that the contention must now be regarded as entirely without merit. See, e.g., Morales v. United States, 5 Cir. 1970, 431 F.2d 475; Wilson v. United States, 3 Cir. 1970, 426 F.2d 246, 247; United States v. Clark, 3 Cir. 1970, 425 F.2d 827, 829-830; United States v. Mosby, 8 Cir. 1970, 422 F.2d 72, 75-76; McClain v. United States, 9 Cir. 1969, 417 F.2d 489, 493-494; United States v. Walker, 8 Cir. 1969, 414 F.2d 876, 878-879; United States v. Castro, 1 Cir. 1969, 413 F.2d 891, 892-894; cf. Turner v. United States, 1970, 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610; Minor v. United States, 1969, 396 U.S. 87, 90 S.Ct. 284, 24 L.Ed.2d 283.
 
 
 4
 Therefore, the judgment of the district court is affirmed.