**UNITED STATES v. CRAIG.**
**Cr. A. No. 15427.**

United States District Court
E. D. Pennsylvania.
July 12, 1950.

N. Warren Benedetto, Asst. U. S. Atty., of Philadelphia, Pa., for plaintiff.

James Dessen, of Philadelphia, Pa., for defendant.

BARD, District Judge.

The defendant was indicted on two counts for knowingly and unlawfully concealing radios stolen from interstate commerce. On January 12, 1950 he waived a jury trial, and I found him guilty as charged. This case is now before me on his motion for judgment of acquittal on the grounds that the government did not prove the radios were stolen and that the defendant did not know they were stolen.

The government proved by competent evidence the following pertinent facts:

On April 15, 1949 the Firestone Tire and Rubber Company (hereinafter called Firestone) shipped a number of white plastic table radios and automobile radios from its warehouse in Philadelphia, Pennsylvania, to its warehouses in Dallas, Texas, and Minneapolis, Minnesota. Each radio was packed in an individual carton, and each carton bore a label showing the name and address of the consignor and consignee. No record was kept of the serial number of each radio.

This shipment was sent via the Mid-State Transportation Company aboard a truck that left Philadelphia for Chicago, Illinois, on April 15, 1949. This truck returned to Philadelphia empty about a week later.

On April 18, 1949 Firestone made another shipment of the same quantity of these radios from Philadelphia to Dallas and Minneapolis.

These radios were sold by Firestone to retail dealers all over the United States at the price of $31.91 for the table model and $66.91 for the automobile model.

On June 8, 1949 it was discovered that the defendant had two radios in his possession, one a white plastic table radio and the other an automobile radio. These radios were exactly the same as those that Firestone had shipped from Philadelphia to Dallas and Minneapolis, and were in cartons bearing labels that indicated Firestone had shipped the table model from Philadelphia to Dallas and the automobile model from Philadelphia to Minneapolis.

The defendant was showing these two radios to business men. He would tell these men that he had 700 radios, 350 of each model, and that he would sell them for $10 apiece.

This was the essence of the government's case. The defendant presented no evidence but moved for a directed verdict of acquittal, which was denied.

Had the government proven that the radios in question were stolen, I think there was sufficient evidence, all of which I have not discussed above, to find that the defendant knew they were stolen. However, I do not think that the government presented any evidence to show that the radios were actually stolen.

No positive evidence of any kind was introduced to show when or from where the radios were stolen. The fact that the truck on which the radios were shipped returned empty one week after it had left Philadelphia for Chicago, is just as consistent with a finding that the radios were delivered to the consignee as with a finding that the truck was hijacked. Likewise, the second shipment of the same quantity and models of radios proves nothing more than either Philadelphia did not ship the full order on the first shipment or Dallas and Minneapolis wanted a large quantity of radios. Just because the defendant had two radios in cartons bearing labels showing that these radios were shipped by Firestone from Philadelphia to Dallas or Minneapolis, and because he said he had 700 similar radios that he wanted to sell cheap, is not by itself proof that the radios were stolen. Until this missing link is provided, the evidence presented tends merely to show that the defendant possessed the radios under suspicious circumstances rather than to prove that they were stolen.

A jury of twelve men and women should not have been allowed to speculate

and conjecture whether from the above facts these radios had been stolen. Nor would a verdict of guilty based upon such evidence be allowed to stand. The same rules apply to me when I sit as judge and jury.

It is no crime for a person to conceal goods which were not stolen, and the government has not borne its burden of proving beyond a reasonable doubt that the radios in question were stolen.

Accordingly, it is ordered, adjudged and decreed that the defendant's motion for judgment of acquittal is granted, and that the previous verdict of guilty is set aside and a judgment of acquittal is hereby entered.