**UNITED STATES, Plaintiff-Appellee,**

v.

**Charles C. DILELLA, Defendant-Appellant.**

**No. 15012.**

United States Court of Appeals
Seventh Circuit.

Dec. 29, 1965.

8. The question of Bond's product liability under the Suvada rule was argued in its briefs here.

Elsie C. Spears, Lawrence Gunnels, Chicago, Ill., for defendant-appellant, Kirkland, Ellis, Hodson, Chaffetz & Masters, Chicago, Ill., of counsel.

Edward V. Hanrahan, U. S. Atty., John Peter Lulinski, John Powers Crowley, Arthur L. Dunne, Lawrence Jay Weiner, Asst. U. S. Attys., Chicago, Ill., for appellee.

Before HASTINGS, Chief Judge, CASTLE, Circuit Judge, and MERCER, District Judge.

MERCER, District Judge.

Defendant, Alfonse Cozzi and Anthony Butera were charged in a one-count indictment with the possession of 999 cases of chewing gum which had been stolen from an interstate shipment, with knowledge that the goods had been stolen, in violation of 18 U.S.C. § 659.

Butera pleaded guilty to the charge.

Defendant appeals from a judgment of conviction upon the verdict of a jury finding him guilty of the charge made in the indictment.

Defendant first contends that the government failed, as a matter of law, to prove one essential element of the offense charged, namely, that the goods had been stolen.

The government adduced uncontradicted evidence from which the jury could find the following facts. On September 8, 1964, at Long Island City, New York, the American Chicle Company loaded 1,941 cases of American products, including 999 cases of chewing gum, into a certain Pennsylvania Railroad piggyback trailer and shipped the same under a bill of lading to Acco Assembly Distributors at Cleveland, Ohio. The trailer was transported by Pennsylvania Railroad train to Celeveland and off-loaded at Cleveland on September 11, 1964. It was then placed in a trailer park used by Pennsylvania Railroad and other shippers for storage and dispatching of trailers. On September 13, 1964, the trailer was observed on the lot by an employee of another trucking company. On September 15, 1964, an employee of Cleveland Cartage Company presented the proper delivery documents for delivery of the trailer from the lot to Acco. The trailer could not be found on the lot. The Federal Bureau of Investigation was notified, and on September 16, 1964, agents of the FBI discovered the trailer at the B–J Truck Stop in Chicago, Illinois. The seal affixed by the shipper

had been removed and the door of the trailer was then secured by a padlock.

Later the same day, FBI agents observed defendant and Butera driving a panel truck onto the lot, opening the doors of the trailer and backing the truck up to the rear of the trailer. Defendant, Butera and Cozzi were each observed engaged in removing cartons from the trailer into the panel truck. After a number of cartons had been loaded onto the panel truck, the trailer door was locked and the three men left the lot with Butera driving the panel truck and defendant riding with Cozzi in an unlicensed 1954 Chevrolet automobile. Both vehicles were stopped by FBI agents and the three men were placed under arrest. The agents found the panel truck loaded with 243 cartons of American Chicle products. When arrested, defendant produced certain effects from his person, including the key for the padlock on the Pennsylvania Railroad trailer.

After the arrest, the trailer was released to the Pennsylvania Railroad and removed by it to its Chicago yards. On the following day, FBI agents and Pennsylvania employees inventoried the contents of the panel truck which were, with the exception of nine cases, retained by the FBI, then restored to the trailer. The trailer was sealed and transported to Acco in Cleveland, under seal. When opened at Cleveland, the contents were inventoried upon being unloaded at Acco. That inventory showed that the original shipment was then intact and that the contents of the trailer at that time were identical to the commodities shown on the original bill of lading from American, except for the nine cases which had been held by the FBI in Chicago.

Though the evidence was circumstantial, it cannot be doubted that the jury could find, as a fact, that the goods had been stolen. The shipment left New York and arrived at Cleveland, but it never reached the consignee. By some person, or persons, and some method unknown the trailer was removed from the Cleveland lot to Chicago, many miles off-route from its destination.

■■ It was not necessary for the government to produce eye-witnesses to prove the theft, United States v. Allegrucci, 3 Cir., 258 F.2d 70, or to prove that the shipment was not in Chicago by mistake. Corey v. United States, 9 Cir., 305 F.2d 232, 237, cert. denied 371 U.S. 956, 83 S.Ct. 511, 9 L.Ed.2d 503. Circumstantial evidence of theft is sufficient to support the verdict. United States v. Spatuzza, 7 Cir., 331 F.2d 214, 216, cert. denied 379 U.S. 829, 85 S.Ct. 58, 13 L.Ed.2d 38, United States v. Minieri, 2 Cir., 303 F.2d 550, 555, cert. denied 371 U.S. 847, 83 S.Ct. 79, 9 L.Ed. 2d 81.

Stirone v. United States, 361 U.S. 212, 80 S.Ct. 270, 4 L.Ed.2d 252, cited by defendant, simply holds that a conviction based upon proof of an offense different from that alleged in an indictment cannot stand.

In United States v. Carangella, 7 Cir., 198 F.2d 3, there was lacking any proof that either of the defendants, Blandi or DiVito, ever had possession of the stolen goods. The same is true of United States v. Wainer, 7 Cir., 170 F.2d 603.

Other cases cited by defendant are likewise readily distinguishable from this case. E. g., United States v. Rappaport, 2 Cir., 312 F.2d 502; United States v. Moynihan, 3 Cir., 258 F. 529; United States v. Craig, E.D.Pa., 91 F.Supp. 531.

■ It was not necessary, as defendant argues, that the government prove that the shipment was stolen between New York and Cleveland. That allegation of the indictment is merely descriptive of the interstate character of the goods involved. Proof of a theft from whatever place prior to the delivery of the goods to the consignee is sufficient to sustain the conviction.

There can be no question that the proof was adequate to show defendant's possession of the whole contents of the trailer. He had the key which gave access to the interior of the trailer and its contents. He exercised control over the whole of the contents, including the 999 cases of gum alleged in the indict-

ment. It was not necessary that the government restrict its proof to the cases of gum.

This case is not analogous to the Stirone case. There the indictment charged interference with interstate commerce in sand shipped into Pennsylvania, while the proof related to interference with commerce in steel moving from Pennsylvania into other states. Stirone v. United States, 361 U.S. 212, 80 S.Ct. 270.

■ Inasmuch as there was adequate proof to support a finding that the gum was stolen, it was not error to instruct the jury that defendant's knowledge that the goods were stolen might be inferred from the fact of his possession of the recently stolen goods.

Finally, defendant contends that he was denied representation by effective trial counsel. The record does not support that contention. While it is true that counsel cross-examined only three of the witnesses for the government, it is likewise true, with one or two exceptions, that counsel for Cozzi submitted the government witnesses to thorough cross-examination. She also elected to present no evidence on behalf of the defendant and adopted the instructions tendered on behalf of Cozzi and part of the government's instructions in lieu of submitting instructions of her own. She filed the requisite motions for acquittal at the close of the government's case and at the conclusion of all of the evidence. She objected to certain of the instructions given by the court. In short, she exercised her judgment in the conduct of the trial on behalf of defendant.

■ The constitutional guarantee of the assistance of competent, effective counsel does not require perfection. That guarantee is satisfied when the conduct of counsel is such that the essential integrity of the proceedings as a trial is preserved, United States ex rel. Weber v. Ragen, 7 Cir., 176 F.2d 579, 586, United States ex rel. Feeley v. Ragen, 7 Cir., 166 F.2d 976, 980–981, and the trial has not made a travesty of justice. Mitchell v. United States, 104 U.S.App.

D.C. 57, 259 F.2d 787, 793, cert. denied 358 U.S. 850, 79 S.Ct. 81, 3 L.Ed.2d 86.

■ Errors of judgment of counsel, if any, whether of omission or commission, do not constitute a deprivation of effective representation within the constitutional concept. United States ex rel Hamby v. Ragen, 7 Cir., 178 F.2d 379, 381–382; Mitchell v. United States, supra.

■ We attach no significance to the speculative argument based on one statement in colloquy between court and counsel after the close of the trial. At that point counsel stated that she wanted to be relieved of the responsibility of an appeal because of "some personal opinions that I have developed" toward defendant. That statement is merely a part of a larger colloquy, devoid of any intelligible indication that such opinions had any bearing upon the trial. It might be different could defendant point to concrete examples of serious errors of omission or commission as to positive matters of defense which were not brought to bear upon the trial. Be that as it may, on this record we cannot speculate that an apparently conscientious representation of defendant is rendered constitutionally repugnant by a single, isolated post-trial comment.

The cases relied upon by defendant present situations in which the assistance of counsel was so lacking that the trial became a sham. E. g., Powell v. State of Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158; Lunce v. Overlade, 7 Cir., 244 F.2d 108, 74 A.L.R.2d 1384; Coplon v. United States, 89 U.S.App.D.C. 103, 191 F.2d 749; Smallwood v. Warden, D.Md., 205 F.Supp. 325; Johns v. Smyth, E.D.Va., 176 F.Supp. 949.

For the reasons hereinabove set forth the judgment will be affirmed.

We express our gratitude to Mr. Lawrence Gunnels and Miss Elsie C. Spears who were appointed by this court to represent this defendant. Their thorough presentation of the issues in briefing and oral argument is in keeping with the highest traditions of the bar.

Judgment affirmed.