**Charles CALHOUN, Petitioner-Appellant,**

v.

**UNITED STATES of America,**
**Respondent-Appellee.**

**No. 71-1006.**

United States Court of Appeals,
Seventh Circuit.

Dec. 3, 1971.

Certiorari Denied March 27, 1972.
See 92 S.Ct. 1302.

Francis J. Galvin, Jr., Hammond, Ind., Court-appointed, for petitioner-appellant; Galvin, Galvin & Leeney, Hammond, Ind., of counsel.

William C. Lee, U. S. Atty., John R. Wilks, Asst. U. S. Atty., Fort Wayne, Ind., for respondent-appellee.

Before KNOCH, Senior Circuit Judge, and KERNER and PELL, Circuit Judges.

KNOCH, Senior Circuit Judge.

Petitioner-appellant, Charles Calhoun, has appealed to this Court from denial in the U. S. District Court of his motion filed under the provisions of Title 28 U.S.C. § 2255. Petitioner contends that when he changed his plea at arraignment from "not guilty" to "guilty" he did so while under the influence of narcotics which rendered it impossible for him to have made an understanding waiver of his constitutional rights.

After an evidentiary hearing, the District Judge found no credible evidence that petitioner was under the influence of drugs when he entered his guilty plea. He concluded that petitioner was aware of what he was doing and understood the consequences of his act, and that there was a factual basis for the plea.

Petitioner also contends that if the evidence presented at the evidentiary hearing was insufficient, to prove his assertion that he was incompetent to enter a plea because he was under the influence of narcotics, that deficiency can be laid to the incompetence of his counsel who presented lay witnesses, who testified to petitioner's use of drugs and his subsequent irrational actions, but no expert medical witnesses who could have testified to the petitioner's incompetency by virtue of his drug addiction.

Our own review of the testimony indicates that petitioner was vigorously represented by counsel who adduced a great deal of evidence from a number of witnesses. There is no indication that other more persuasive testimony was available. Retrospective disappointment with the conduct of the hearing does not prove deprivation of one's constitutional right to assistance of counsel. Pelley v. United States, 7 Cir., 1954, 214 F.2d 597, 602, cert. den. 348 U.S. 915, 75 S.Ct. 296, 99 L.Ed. 718. Nor is perfection guaranteed. The essential integrity of the proceedings was preserved. This was no travesty of justice. United States v. Dilella, 7 Cir., 1965, 354 F.2d 584, 587 and cases there cited.

The transcript of the several colloquys between the Court and the petitioner demonstrates full and careful compliance with Rule 11, as interpreted in McCarthy v. United States, 1968, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418. It is clear that the District Judge in the course of these colloquys was in an excellent position to observe the petitioner's demeanor, the nature of his physical reflexes and responses and to note effects, if any, of drug abuse or any differences in reaction which might have appeared between the original appearance and the hearings on change of plea and sentencing.

It is axiomatic that we will review the evidence and inferences reasonably to be drawn therefrom in the light favorable to sustaining the decision below. Glasser v. United States, 1942, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680; United States v. Coduto, 7 Cir., 1960, 284 F.2d 464, 466. We will not, of course, reweigh the evidence and credibility findings. United States v. Iacullo, 7 Cir., 1955, 226 F.2d 788, 795, cert. den. 350 U.S. 966, 76 S.Ct. 435, 100 L.Ed. 839.

The testimony of the petitioner himself supported the District Judge's conclusion that the plea was a voluntary one.

The decision of the District Court is affirmed.

Affirmed.