**Lloyd WOODS, Appellant,**

v.

**Warden YEAGER and Lt. Glover, New Jersey State Prison.**

**No. 71-1818.**

United States Court of Appeals, Third Circuit.

Submitted June 9, 1972.

Decided July 10, 1972.

Lloyd Woods, pro se.

George F. Kugler, Jr., Atty. Gen., Joseph T. Maloney, Deputy Atty. Gen., Stephen Skillman, Asst. Atty. Gen., of counsel, Trenton, N. J., for appellee.

Before HASTIE, GIBBONS and MAX ROSENN, Circuit Judges.

OPINION OF THE COURT

PER CURIAM:

Appellant, a prisoner in the New Jersey State Prison at Trenton, filed a Civil Rights Act complaint in the district court seeking money damages from the prison's warden and mail supervisor on grounds that the latter had examined a letter he had mailed on April 16, 1971 and had returned the letter to him marked with the notation "keep this letter on a business basis." The district court permitted appellant to proceed in forma pauperis and caused service to be made. The Attorney General of New Jersey filed an answer on behalf of the defendants which asserted the defense, among others, that the complaint failed to state a claim on which relief could be granted. The district court dismissed for the reason that censorship of mail is within the authority entrusted to the prison management. We affirm, but on somewhat narrower grounds.

The pleadings disclose that prison regulations permit uncensored personal correspondence with designated family, friends, counsellors or advisors. The letter giving rise to the complaint in this case was addressed to an authorized correspondent. Correspondence is examined by prison officials for reasons of security. Examination of correspondence, not addressed to attorneys or to courts, is a reasonable exercise of the discretion of prison management with which the federal courts will not interfere. Sostre v. McGinnis, 442 F.2d 178 (2d Cir. 1971), cert. denied, Sostre v. Oswald, 404 U.S. 1049, 92 S.Ct. 719, 30 L.Ed.2d 740 (1972); Diehl v. Wainwright, 419 F.2d 1309 (5th Cir. 1970); Abernathy v. Cunningham, 393 F.2d 775 (4th Cir. 1968); United States v. Stahl, 393 F.2d 101 (7th Cir.), cert. denied, 393 U.S. 879, 89 S.Ct. 181, 21 L.Ed.2d 152 (1968); Lee v. Tahash, 352 F.2d 970 (8th Cir. 1965); Carey v. Settle, 351 F.2d 483 (8th Cir. 1965); McCloskey v. Maryland, 337 F.2d 72 (4th Cir. 1964). The pleadings disclose that the requirement that correspondence with business correspondents such as vocational correspondents be kept on a business basis, if it ever existed, has been eliminated.

Thus at best appellant complains of a single instance in which the mail supervisor, perhaps improperly, refused to mail a letter, the contents of which he disapproved, and returned it to the prisoner. If the complaint can be construed as seeking injunctive relief it fails to assert any need therefor. The single incident complained of is not alleged to have caused any monetary damage to the appellant. Thus the complaint did not state a cause of action under the Civil Rights Act either for injunctive relief or for damages. In so holding we need

not in this case decide whether general censorship of outgoing prison mail is permitted by the Constitution.

The judgment of the district court will be affirmed.