**UNITED STATES of America ex rel. Richard W. MATTOX, Petitioner,**

v.

**Herbert SCOTT, Respondent.**

**No. 73 C 1396.**

United States District Court, N. D. Illinois, E. D.

Nov. 30, 1973.

Larry S. Goldberg, Clarence O. Redman, Price, Cushman, Keck, Mahin & Cate, Chicago, Ill., for petitioner.

William J. Scott, Atty. Gen., Mark Zubor, Ass't States Atty., Chicago, Ill., for respondent.

### OPINION AND ORDER

AUSTIN, District Judge.

This is a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. §

2254, following petitioner's conviction of murder at a bench trial in the Circuit Court of Cook County on August 18, 1965. Respondent does not contest petitioner's allegation that all state post-conviction remedies have been exhausted. The case is presently before this Court to resolve the questions raised by respondent's motion for summary judgment or, in the alternative, to dismiss the petition for failure to state a claim upon which relief may be granted.

## I.

The motion to dismiss for failure to state a claim is granted as to the following points raised by petitioner:

### A. *Illegally Seized Evidence*

 Petitioner objects to the admission at his trial of certain articles which were obtained by a warrantless illegal search of the home of his codefendant, Mrs. Weinstein. This evidence had been suppressed at Mrs. Weinstein's severed trial. People v. Weinstein, 105 Ill. App.2d 1, 245 N.E.2d 788 (1st Div. 1968). Nevertheless, petitioner's objection is clearly without merit, since a criminal defendant has no standing to assert the illegality of a search of his codefendant's home in which he had no expectation of privacy. *See* Alderman v. United States, 394 U.S. 165, 89 S.Ct. 961, 22 L.Ed.2d 176 (1969); Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960); United States v. Nasse, 432 F.2d 1293, 1302–1303 (7th Cir. 1970), cert. denied, 401 U.S. 938, 91 S.Ct. 927, 28 L.Ed.2d 217 (1971). Accordingly, petitioner fails to state a claim as to this issue.

### B. *Mental Incompetency of Petitioner*

Petitioner further objects to his conviction on the ground that a transcript of his self-incriminatory testimony in support of his codefendant's motion for a new trial was admitted in evidence at his own trial. He contends this was improper because he was incompetent at the time he testified; and, therefore, de-spite the fact he was advised by the court of his right to remain silent, he was not able to knowingly, intelligently and voluntarily waive that right. Petitioner concedes that his defense counsel's vigorous objections to his testifying were not on the ground of his mental incompetence to waive his rights. Nevertheless, he argues that the question of his competency should have been raised by the court *sua sponte;* for he asserts that he had been in a state mental institution from 1951 to 1953, and that the trial judge was aware of this fact.

In essence, petitioner's position is that, coupled with his mental illness in the distant past, his disregard of defense counsel's advice was sufficient to raise a *substantial and bona fide doubt* in the judge's mind as to his competence; and therefore the judge was required to raise the issue *sua sponte* under Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966).

██ ██ It is recognized that incriminating statements made by an incompetent person can hardly be the product of any meaningful act of volition, and that therefore, such statements are inadmissible as evidence against him in a criminal trial, *see* Blackburn v. Alabama, 361 U.S. 199, 80 S.Ct. 274, 4 L.Ed.2d 242 (1960); and in determining whether or not the right against self-incrimination was voluntarily waived, the court must look to the totality of the facts and circumstances. *See, e. g.,* Frazier v. Cupp, 394 U.S. 731, 89 S.Ct. 1420, 22 L.Ed.2d 684 (1969). Nevertheless, petitioner's contention is clearly without merit under the circumstances of this case. In the first place, mere disregard of the advice of counsel simply is not an indication of a defendant's incompetency to voluntarily and knowingly waive his right against self-incrimination. In fact, in some situations, such rejection may be a good indication of the defendant's ability to exercise his own judgment in a rational way. In the present case, petitioner's decision to reject his attorney's advice to keep silent is a neu-

tral fact which is not probative as to whether he was competent to waive his rights.

Secondly, assuming he knew of petitioner's history of mental illness, the trial judge did have the opportunity to observe petitioner's demeanor throughout the proceedings and particularly when petitioner waived his right to remain silent. It is well established that raising the issue of incompetency *sua sponte* is within the sound discretion of the trial judge; and failure to raise the issue does not violate due process unless he abused that discretion. *See* Green v. United States, 128 U.S.App.D.C. 408, 389 F.2d 949, 953 (1967).

Petitioner has not alleged circumstances so unfair that it could be said the discretion to raise the issue of *incompetency sua sponte* was abused. Therefore, he was properly permitted to waive his right against self-incrimination; and admission of the transcript of his testimony at his own trial was not in error.

### C. *Incompetency of Appointed Counsel*

Petitioner further objects to his conviction on the ground that his court-appointed attorneys were incompetent. Specifically, he asserts that trial counsel failed to object to certain items of evidence and then elected to present no evidence on petitioner's behalf. Did this constitute a denial of petitioner's Sixth Amendment right to effective counsel? Clearly not. Although the right to counsel is a fundamental right which is essential to a fair trial, and consequently, applicable to the states under the due process clause of the Fourteenth Amendment, Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L. Ed.2d 799 (1963), it does not follow that perfection is required. Rather, this constitutional guarantee is satisfied when the conduct of counsel is such that the essential integrity of the proceedings as a trial is preserved and the trial has not made a travesty of justice. United States v. Stahl, 393 F.2d 101, 104 (7th

Cir. 1968). United States v. Dilella, 354 F.2d 584, 587 (7th Cir. 1965). Errors of judgment of counsel, if any, whether of omission or commission, do not constitute a deprivation of effective representation at trial within the constitutional concept. *Id.* The trial in this case cannot honestly be categorized as a travesty of justice because of counsel's failure to object to some of the prosecution's evidence and to present any evidence for the defense. Indeed, the court congratulated counsel on his advocacy and acknowledged that counsel's omissions were part of trial strategy.

Petitioner also contends appellate counsel was incompetent in that he raised on appeal only the issue of whether the body of the murder victim was properly identified. His failure to brief the questions presented in the instant petition is alleged to have violated petitioner's right to effective counsel. However, as mentioned above, this constitutional guarantee does not require perfection; and mere errors of judgment, if any, whether of omission or commission, do not constitute a deprivation of effective counsel. Moreover, counsel is obligated by the constitution to brief only those points which, in his judgment, can be sustained on appeal. *See* Hanger v. United States, 308 F.Supp. 281, 283 (E. D.Mo.1969), aff'd, 428 F.2d 746 (8th Cir. 1969).

In essence, petitioner contends that the incompetence of appellate counsel is indicated by his failure to raise on appeal those issues which are presently found by this Court to be without merit. Such a position is clearly untenable, and I will not substitute my judgment for that of counsel.

Therefore, I hold that petitioner fails to state a claim upon which relief may be granted with regard to the issue of the competency of his trial or appellate attorneys.

### II.

As to the remaining issues, I find there are genuine issues of material fact

which requires denial of respondent's motion for summary judgment; and for the following reasons, it is concluded that petitioner states a claim upon which relief may be granted:

## A. Denial of Counsel During Custodial Interrogation

Petitioner objects to his conviction on the ground that his Sixth Amendment right to counsel during police interrogation, as established by Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L. Ed.2d 977 (1965), was denied, and that the statement obtained from him was therefore inadmissible. Because he alleges his trial commenced on August 16, 1965 (i. e., after the date of the decision in *Escobedo*), the rule in *Escobedo* applies. Johnson v. New Jersey, 384 U.S. 719, 734, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966).

In support of his contention, petitioner alleges that when he asked permission to consult with his attorney, the police and assistant state's attorney disregarded his request by continuing to question him. Furthermore, he alleges they misled him by telling him he would be protected against self-incrimination so long as he did not *sign* anything. Relying upon this advice, petitioner eventually admitted to them that he had been in the victim's home the night of the murder and that he was having an affair with the victim's wife. He refused to sign a transcript of his statement. The unsigned transcript was then entered in evidence at his trial over defense counsel's objection, and the court relied upon it in finding petitioner guilty.

Where, as here, the investigation is no longer a general inquiry into an unsolved crime but has begun to focus on a particular suspect, the suspect has been taken into policy custody, the police carry out a process of interrogations that lends itself to eliciting incriminating statements, the suspect has requested and been denied an opportunity to consult with his lawyer, and the police have not effectively warned him of his absolute constitutional right to remain silent, the accused has been denied the assistance of counsel in violation of the Sixth Amendment to the Constitution as made obligatory upon the States by the Fourteenth Amendment; and no statement elicited by the police during the interrogation may be used against him at his criminal trial. Escobedo v. Illinois, 378 U.S. 478, 490–491, 84 S.Ct. 1758, 12 L. Ed.2d 977 (1964).

The trial court having admitted into evidence petitioner's statement which was allegedly obtained in violation of *Escobedo,* and the court having relied upon that statement in finding him guilty, it is concluded that serious constitutional error may have been committed at trial. Therefore, petitioner states a claim upon which relief may be granted as to this issue.

## B. "Harmless Error"

In dismissing petitioner's request for post-conviction relief without an evidentiary hearing, presiding Judge Power of the Criminal Division of the Circuit Court of Cook County held, in effect, that petitioner had the burden of proving that the alleged constitutional errors at his trial were not "harmless", and that he had failed to sustain that burden. Judge Power said:

"The petitioner has not *established* any constitutional errors which contributed to the defendant's conviction *sufficient* enough to grant him any post conviction relief, therefore, his Post Conviction Petition will be denied." Record at 232, Mattox v. People, Post Conviction No. 2079 (June 15, 1971) (emphasis added).

Petitioner contends that such a "harmless error" standard is contrary to that established in Fahy v. Connecticut, 375 U.S. 85, 84 S.Ct. 229, 11 L.Ed.2d 171 (1963) and Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

In *Fahy,* the Supreme Court reversed a bench conviction that had been upheld by the Connecticut Supreme Court on the basis of harmless error, despite admission of evidence which had been obtained by an illegal search and seizure. The Court formulated the following test to determine whether the admission of the evidence was harmless:

> We are not concerned here with whether there was sufficient evidence on which the petitioner could have been convicted without the evidence complained of. The question is whether there is a *reasonable possibility* that the evidence complained of might have *contributed* to the conviction. Id. at 86–87, of 375 U.S., at 230 of 84 S.Ct. (emphasis added).

Building upon *Fahy,* the Court held in Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967) that before federal constitutional error can be held harmless, the Court must be able to declare a belief that it was *harmless beyond a reasonable doubt. Id.* at 24, 87 S.Ct. 824. And the burden of proof is upon the *State,* not the defendant. *Id.* Thus, Judge Power erred in foisting upon petitioner the burden of proving that any violations of his constitutional rights at trial were not harmless; and petitioner therefore states a claim upon which relief may be granted as to this issue.

### III.

This Court holds today that petitioner states a claim upon which relief may be granted only as to the issues of: 1) whether his Sixth Amendment right to counsel during custodial police interrogation, as established in Escobedo v. Illinois, was violated; and 2) whether such violation was harmless beyond a reasonable doubt.

Respondent is hereby granted 20 days from this date within which to answer or otherwise plead to these two issues.

So ordered.