**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Ora Ray ROBINSON, Defendant-Appellant.**

**No. 73–1914.**

United States Court of Appeals, Seventh Circuit.

Argued Feb. 14, 1974.

Decided Aug. 23, 1974.

Max Tyson, Chicago, Ill., for defendant-appellant.

Henry A. Schwarz, U.S. Atty., Frederick J. Hess, Asst. U.S. Atty., E. St. Louis, Ill., for plaintiff-appellee.

Before SWYGERT, Chief Judge, KILEY, Senior Circuit Judge, and HOFFMAN, * Senior District Judge.

JULIUS J. HOFFMAN, Senior District Judge.

Defendant, convicted of robbing a bank while armed with a sawed-off shotgun, has appealed on the sole ground that his trial attorney was incompetent, depriving him of his right to effective assistance of counsel as guaranteed by the Sixth Amendment.

The fact that defendant was convicted on all three counts of the indictment offers no support for any inference of incompetence. The prosecution's case was strong. Two bank employees directly identified defendant in the courtroom as one of the robbers and as the bearer of the illegal weapon. An automobile matching the description of the getaway car was pursued by the state police until it was abandoned, and its occupants fled into the woods. Defendant was arrested in that vicinity. Part of the stolen money and a sawed-off shotgun were found in the abandoned car, and more of the stolen money was recovered in the woods near where defendant was seized. Fingerprints in the car and on one of the stolen bills

* Senior District Judge Julius J. Hoffman of the Northern District of Illinois sitting by designation.

**896**

were identified by a government expert as the defendant's prints.

■ The harmless-error doctrine applies with diminished rigor when the right to counsel is at stake, as Mr. Justice Stewart observed in his concurrence in Chapman v. California, 386 U.S. 18, 43, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). When no lawyer appears to represent the defendant, and his request for legal representation is wholly denied, the proceedings are tainted from their roots, and there is no room for "nice calculations as to the amount of prejudice" flowing from the denial. See Glasser v. United States, 315 U.S. 60, 76, 62 S.Ct. 457, 467, 86 L.Ed. 680 (1942). But where, as here, a defendant is represented by counsel, present and participating throughout the proceeding, the strength of the case may at least repel the temptation to conclude that the fact of conviction itself demonstrates that counsel was ineffective. The defensive strategy and its lack of success must be evaluated in the light of the strengths and weaknesses of the offense, and "the quality of legal representation cannot be abstractly measured without reference to the merits of a defendant's case . . ." United States ex rel. Testamark v. Vincent, 496 F.2d 641, 643 (2 Cir. 1974).

■ For self-evident reasons, the courts are constrained to avoid substituting their hindsight views of wiser strategy for counsel's practical decisions in the hustings. "Counsel's concern is the faithful representation of the interests of his client and such representation frequently involves highly practical considerations as well as specialized knowledge of the law." Tollett v. Henderson, 411 U.S. 258, 268, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235 (1973). Accordingly, the appellant's burden is heavy. "Unless a strong showing is made that conduct of counsel virtually deprived defendant of a trial, matters of trial conduct and tactics adopted pursuant to defense counsel's professional opinion on the merits of the case should not be subjected to critique by a court of appeals."

United States v. Bella, 353 F.2d 718, 719 (7 Cir. 1965). See United States v. Stevens, 461 F.2d 317 (7 Cir. 1972). Weighed in the balance against these cautions, the defendant's claims of incompetent counsel fail to meet the requisite standard as repeatedly applied by this Court:

"Retrospective disappointment with the conduct of the hearing does not prove deprivation of one's constitutional right to assistance of counsel. [Citations omitted.] Nor is perfection guaranteed. The essential integrity of the proceedings was preserved. This was no travesty of justice. See United States v. Dilella, 354 F.2d 584, 587 (7 Cir. 1965), and cases there cited." Calhoun v. United States, 454 F.2d 702–703 (7 Cir. 1971), cert. denied 405 U.S. 1019, 92 S.Ct. 1302, 31 L.Ed.2d 482 (1972). See also United States v. Stahl, 393 F.2d 101, 103 (7 Cir. 1968), cert. denied 393 U.S. 879, 89 S.Ct. 181, 21 L.Ed.2d 152 (1969); Johnson v. United States, 422 F.2d 555 (7 Cir. 1970).

Here the record contains nothing to indicate that the trial was a total sham or mockery. See United States v. Ingram, 477 F.2d 236 (7 Cir. 1973). The proceeding was not mere farce. United States ex rel. Feeley v. Ragen, 166 F.2d 976, 980–981 (7 Cir. 1948).

■ The particulars offered to support the claimed incompetence fall far short of the mark. Defendant's trial counsel failed to make an opening statement, "but surely this is trivial, and [he] was acting well within the bounds of competence in waiting to see how the state's case unfolded." United States ex rel. Crispin v. Mancusi, 448 F.2d 233, 237 (2 Cir. 1971), cert. denied 404 U.S. 967, 92 S.Ct. 346, 30 L.Ed.2d 288 (1971). A second specification urges that incompetence is shown by counsel's failure to object to certain hearsay testimony, particularly the testimony of the arresting and investigating officers containing mentions of orders they received, to supply a background explana-

tion for their actions. Competent defense counsel may well share the view that frequent and repeated objections, especially on hearsay grounds, serve only to alienate and antagonize the jury. The failure to object thus does not demonstrate incompetence. See United States v. Goldsmith, 483 F.2d 441 (5 Cir. 1973); United States v. Benthiem, 456 F.2d 165 (1 Cir. 1972). In the same vein, defendant argues that his counsel was incompetent because he failed to conduct an aggressive cross-examination of the government's fingerprint expert. It is not incompetence, however, for trial counsel to conclude that a detailed cross-examination would be counter productive, emphasizing and accentuating the adverse evidence. For such reasons, we have held that the absence of cross-examination does not establish ineffective assistance of counsel. See United States v. Radford, 452 F.2d 332 (7 Cir. 1971). Finally, defendant complains that his trial counsel failed to move for an order to exclude witnesses, to prevent the second bank employee called to the stand from hearing the testimony of the first bank employee who immediately preceded her as a witness. The record does not disclose whether or not the second witness was present in the courtroom during the testimony of the preceding witness, and there is no contradiction of the United States Attorney's report in the brief that the prosecution had voluntarily agreed to exclude witnesses. In any event, the matter rests within the discretion of the trial judge, and does not involve prejudice sufficient to warrant reversal. See Holder v. United States, 150 U.S. 91, 14 S.Ct. 10, 37 L.Ed. 1010 (1893).

In sum, we find no support for a conclusion that defendant, as a practical matter, lacked the aid of a lawyer. His attorney made a brief but emphatic closing argument, concentrating upon the issues of identification. His trial tactics remain a matter for his judgment, not ours. Accordingly, the judgment must be affirmed.

Affirmed.