**UNITED STATES of America ex rel. Richard MATTOX, Petitioner,**

v.

**Frederick FINKBEINER, Warden of Illinois State Penitentiary, Joliet Branch, Respondent.**

**No. 73 C 1396.**

United States District Court, N. D. Illinois, E. D.

March 12, 1975.

James T. Otis, Clarence O. Redman, Larry S. Goldberg, of Price, Cushman, Keck, Mahin & Cate, Chicago, Ill., for petitioner.

William J. Scott, Illinois Atty. Gen., Timothy Newitt, Asst. Illinois Atty. Gen., Chicago, Ill., for respondent.

## MEMORANDUM and JUDGMENT ORDER

AUSTIN, District Judge.

This habeas corpus action has a rather extensive history of litigation. United States ex rel. Mattox v. Scott, 366 F. Supp. 1294 (N.D.Ill.1973), 372 F.Supp. 304 (N.D.Ill.), aff'd in part, rev'd in part, 507 F.2d 919 (7th Cir. 1974). It comes before me now on Petitioner Mattox's Motion to Discharge. Upon review of the parties' legal and factual contentions, I decide that the presiding judge at Mattox's bench trial did not constitutionally err when he admitted the challenged confession into evidence. Accordingly, the petition must be dismissed. 28 U.S.C. §§ 2243, 2254.

First, after reevaluating the relevant caselaw, I now conclude that Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), is inapposite to a determination of Petitioner's claims. In Kirby v. Illinois, 406 U.S. 682, 689, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972), the United States Supreme Court restricted, in no uncertain terms, the authority of its Escobedo decision:

> First, the Court in retrospect perceived that the "prime purpose" of Escobedo was not to vindicate the constitutional right to counsel as such, but, like Miranda [Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966)], "to guarantee full effectuation of the privilege against self-incrimination. . . ." Johnson v. New Jersey, 384 U.S. 719, 729, 86 S.Ct. 1772, 1779, 16 L.Ed.2d 882. Secondly and perhaps even more important for purely practical purposes, the Court has limited the holding of Escobedo to its own facts, Johnson v. New Jersey, supra at 733–34, 86 S.Ct. at 1780, and those facts are not remotely akin to the facts of the case before us.

See Frazier v. Cupp, 394 U.S. 731, 89 S.Ct. 1420, 22 L.Ed.2d 684 (1969). Likewise, the instant case is not "remotely akin" to Escobedo. None of the egregious police tactics condemned by the Court are found here. See Respondent's February 21, 1975 Reply Memorandum at 4–5. In fact, the law enforcement procedures which resulted in Mattox's inculpatory statement could well serve as a model pre-Miranda interrogation. Petitioner was treated properly and respectfully by his investigators. He was not physically or mentally abused. He was neither threatened nor held incommunicado. Quite unlike Danny Escobedo, Richard Mattox was repeatedly afforded the opportunity to contact his attorney. Under these circumstances, Escobedo, as interpreted by Kirby, has no application here. See Frazier, supra.

Secod, I hold that Mattox's confession was freely and knowingly made. In support, I adopt the "voluntariness" analysis of my March 11, 1974 Opinion, 372 F. Supp at 308–11. Aside from the fact that he was not advised of his right to remain silent,* there is simply no per-

---

* Advisement of constitutional rights was not, in this pre-Miranda context, an obligation imposed upon law enforcement officials.

suasive evidence that Petitioner's confession was anything other than an unconstrained and voluntary statement of his guilt. 372 F.Supp. 310–11. Considering the parties' *Stipulation of Facts*, Mattox's age, health, and prior experience with the law, as well as all other matters of record, I must reaffirm my conclusion that:

> . . . the circumstances surrounding Mattox's interrogation, when taken as a whole, did not create a coercive atmosphere which can be said to have been sufficient to overbear his will to resist saying what he said. 372 F.Supp. at 311.

Motion to discharge denied. Petition dismissed.