**Albert Lewis COOPER**

v.

**Vinson F. THOMPSON, Warden.**

**Civ. No. 3–78–96.**

United States District Court,
E. D. Tennessee, N. D.

May 1, 1978.

Albert Lewis Cooper, pro se.

Brooks McLemore Jr., Atty. Gen., State of Tennessee, Nashville, Tenn., for respondent.

MEMORANDUM

ROBERT L. TAYLOR, District Judge.

Petitioner has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging three grounds of relief: that the arbitrary application of the Tennessee Habitual Criminal Statute, Tenn. Code Ann. § 40–2801 et seq., violated his rights to due process and equal protection; that severance of petitioner's case from that of his co-defendant violated petitioner's due process and equal protection rights; and that the introduction of seized mail denied petitioner a fair trial. Petitioner has previously raised these grounds before this Court. *Cooper v. State of Tennessee*, No. 3–77–409 (E.D.Tenn. Jan. 31, 1978). The State responded in that case, and the Court hereby makes reference to the records of petitioner's state proceedings contained in that case. In the previous case, the failure of the petitioner to exhaust fully available state remedies barred treatment of most of his claims on the merits. It now appears that petitioner has fully exhausted state remedies and the Court, therefore, will examine petitioner's claims on the basis of the record before it.

Petitioner's first two claims are clearly without merit. The petitioner asserts that he was convicted of being a habitual criminal though his co-defendant was equally, if not more, culpable. The petitioner does not assert that selectivity of enforcement was based upon an unjustified standard. Absent such a showing, the exercise of such prosecutorial discretion does not raise a constitutional issue. *See Martin v. Parratt*, 549 F.2d 50 (8th Cir. 1977). Petitioner's second claim is that the severance granted in his case led to the testimony of his co-defendant against him. "The matter of severance is always addressed to the sound discretion of the trial judge and accordingly is only reviewable for abuse." *Glinsey v. Parker*, 491 F.2d 337 (6th Cir. 1974), cert. denied 417 U.S. 921, 94 S.Ct. 2630, 41 L.Ed.2d 227. The petitioner has not shown such an abuse. The petitioner

was not prejudiced by the severance granted, even if it be assumed that the severance was the cause of the testimony of his co-defendant against him. On cross-examination, the petitioner was permitted to show any expectation of leniency by the co-defendant that might have influenced his testimony. (B.E. 54–55). It is possible that petitioner's co-defendant might have chosen not to testify at a joint trial, but more than a decreased chance of acquittal must be shown before a constitutional issue is raised by a decision to grant severance. *Cf. United States v. Guy*, 456 F.2d 1157 (8th Cir. 1972) *cert. denied*, 409 U.S. 896, 93 S.Ct. 136, 34 L.Ed.2d 153, *rehearing denied*, 409 U.S. 1002, 93 S.Ct. 327, 34 L.Ed.2d 263, *cert. denied* 409 U.S. 1001, 93 S.Ct. 344, 34 L.Ed.2d 263.

 Petitioner's third claim, though raising a more substantial issue, also fails to justify habeas corpus relief. Petitioner originally claimed that the contents of allegedly confiscated outgoing mail were introduced at his trial, thereby denying him the right to a fair trial. The Tennessee Court of Criminal Appeals properly dismissed this contention by pointing out that the trial judge did not allow the introduction of said evidence. (B.E. 136–137). Petitioner argues that the contents of confiscated letters were introduced through the testimony of the witness who reviewed the letters. (B.E. 123–129). The Tennessee Court of Appeals does not appear to have considered this issue. *Cf. Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976).

Though the petitioner frames the argument in terms of confiscated mail, the very fact that the letters were delivered uncensored demonstrates that the limit of state interference with this correspondence consisted of *reading* the outgoing letters at issue, not confiscating them. Examination of prisoners' outgoing nonprivileged mail in general raises no constitutional issue. *See Woods v. Yeager*, 463 F.2d 223 (3rd Cir. 1972). This rule remains true even in the case of pre-trial detainees. *Smith v. Shimp*, 562 F.2d 423 (7th Cir. 1977). The Court

concludes that the contents of confiscated correspondence were not introduced at petitioner's trial and that the introduction of examined outgoing mail raises no constitutional issue.

For the foregoing reasons, it is ORDERED that this case be, and the same hereby is, dismissed.

Order Accordingly.